UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tinika Se'Cal Warren,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Frank J. Bisignano,<br><br>　　　　　Defendant. | **Case No. 2:25-cv-02228-MDC**<br><br>**Order Striking Proposed Subpoena (ECF No. 6)** |

　　　　Pro se plaintiff Tinika Se'Cal Warren filed a *Proposed Subpoena* (ECF No. 6) requesting certain discovery, including documents.  However, proceeding with discovery at this time is improper.  Plaintiff has requested to proceed *in forma pauperis* and plaintiff's application to proceed *in forma pauperis* has not been approved and plaintiff's complaint has not been examined/screened by the Court per 28 U.S.C. § 1915(e)(2)(B) and served on defendant.

　　　　The Federal Rules Of Civil Procedure prohibit discovery until the parties have conferred about discovery.  Rule 26(d)(1) of the Federal Rules of Civil Procedure states, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." *Id*.  The exceptions noted do not apply here.

　　　　The Court will review plaintiff's application to proceed *in forma pauperis* in the general course.  If the Court approves the application, the Court will then screen plaintiff's complaint.  If the Court approves plaintiff's complaint, plaintiff will need to serve the defendant.  After defendant answers the complaint or otherwise appear, the plaintiff will then need to initiate the scheduling of the discovery conference required by Fed. R. Civ. P. 26(f), which needs to be held within 30 days after the defendant answers or otherwise appears.  The parties will then need to file a stipulated discovery plan and

scheduling order per Local Rule 26-1. Once the discovery conference occurs, the plaintiff may commence discovery, including requesting and serving subpoenas.

Because plaintiff's proposed request for subpoena (ECF No. 6) is premature, the Court will strike it from the record. *See Washington v. Ivany*, No. 2:22-cv-01450-CDS-VCF, 2023 U.S. Dist. LEXIS 101564, at *2 (D. Nev. June 7, 2023) (*citing Spurlock v. F.B.I.,* 69 F.3d 1010, 1016 (9th Cir. 1995) (the district court has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation")).

ACCORDINGLY,

**IT IS ORDERED** that the Clerk of the Court please strike plaintiff's proposed request for subpoena (ECF No. 6) from the record.

DATED: November 20, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.