UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tinika Se'Cal Warren,<br><br>    Plaintiff,<br><br>vs.<br><br>Frank J. Bisignano,<br><br>    Defendant. | Case No. 2:25-cv-02228-MDC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND PLAINTIFF'S MOTIONS (ECF NOS. 9, 10) WITHOUT PREJUDICE** |

  Plaintiff Tinika Se'Cal Warren filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1). This is a social security appeal and plaintiff is proceeding *pro se*. The Court **DENIES** plaintiff's IFP application without prejudice for the reasons below. Plaintiff must either file a new IFP application OR pay the full filing $405 fee by **January 20, 2026**. The Court also **DENIES** plaintiff's other Motions (ECF Nos. 9, 10) without prejudice.

**I. GENERAL LEGAL PRINCIPLES**

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but applicant must demonstrate that because of his or her poverty he or she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

  The applicant's affidavit must state the facts regarding the individual's poverty "with some

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his or her income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II.    ANALYSIS

The Court finds that it cannot determine plaintiff's IFP status at this time. Plaintiff filed an IFP application (ECF No. 1); however, it is neither a Short nor Long Form application that is approved for this Court. Plaintiff's application seems to be for Nevada state courts. While plaintiff's application is

similar to the Short and Long Form federal applications, there are distinct differences. The Short Form application offers space for the applicant to explain why he or she is unable to pay the filing fee. *See* AO 240. The application plaintiff uses has no such room, only offering a brief "Declaration in support" section at the end to explain why the plaintiff cannot pay the filing fee. *ECF No. 1* at 3. In addition, the Long Form application goes into more detail than plaintiff's application. For example, it asks for the employment history of the applicant for the last two years. AO 239 at 2. Also, the Long Form application explicitly allows for more pages to be attached to explain the financial situation of the applicant while plaintiff's application does not. As indicated above, the District of Nevada adopted the Short and Long Form applications to properly determine if plaintiff is unable to pay the filing fee. The Court requires the filing of either the Short or Long Form federal applications in this instance.

Furthermore, the Court needs more information that clarify what plaintiff's assets are. Plaintiff must state if she currently owns any land in Greensboro, North Carolina or if she is the expected heir to that land. *ECF No. 1* at 3. Plaintiff must also explain why the land is worth $10,000 and further explain what her "Timeshare" is and why it is worth $5,600 but also makes her owe $5,600. *See id.* Therefore, the Court finds it cannot make a determination of plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file his IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must complete the Short or Long Form IFP application that is complete and responds to the Court's request for additional information and details made by this order. The Court notes that plaintiff cannot leave any questions blank or simply answer the question with "$0" or "N/A." Plaintiff must provide an explanation for his answers as needed.

The Court also notes that plaintiff filed two filings in connection to this matter. *ECF Nos. 9*, *10*. It is unclear what relief plaintiff seeks in those motions. It appears that plaintiff may be seeking expedited determination and compelled payment of benefit. However, before this matter can proceed,

the plaintiff needs to submit a proper IFP application or pay the filing fee. Therefore, the Court **DENIES** these Motions without prejudice.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 1) is **DENIED** without prejudice.

2. Plaintiff must either: (1) file a new IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **January 20, 2026**.

3. Failure to timely file a new IFP application may result in a recommendation that this case be dismissed.

4. Plaintiff's Motions (ECF Nos. 9, 10) are **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: December 16, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.