UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tinika Se'Cal Warren,<br><br>                    Plaintiff,<br><br>vs.<br><br>Frank J. Bisignano,<br><br>                    Defendant. | Case No. 2:25-cv-02228-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT and MOTION FOR NOTICE OF REPRESENTATION (ECF NOS. 12, 13).** |

The Court **DENIES** plaintiff's Motion for Appointment (ECF No. 12) and Motion for Notice of Representation (ECF No. 13) (collectively "Motions") without prejudice. Plaintiff provides no basis for the Court to appoint her an attorney. While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court finds that no extraordinary grounds exist at this time.

However, plaintiff seems to be communicating with a law firm to represent her in this matter. *See ECF Nos. 12*, *13*. If plaintiff wishes to have that law firm to represent her, she must continue coordinate with them and counsel may enter an appearance on her behalf if they agree to represent her. She should not refile these Motions.

//

//

//

//

1

Furthermore, to the extent that plaintiff seeks to clarify the information given in her denied Application for Leave to Proceed *in forma pauperis* ("IFP"), plaintiff must file a renewed IFP Application as stated in the Court's 12/16/2025 Order (ECF No. 11) and attach any relevant documents or information in support to that Application. The Court also cautions plaintiff that she cannot proceed in this case unless she can properly proceed IFP or pay the filing fee.

IT IS SO ORDERED.

DATED: January 8, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.