**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tinika Se'Cal Warren,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Frank J. Bisignano,<br>　　　　　　　Defendant. | Case No. 2:25-cv-02228-MDC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 18) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS (ECF NOS. 16, 19)** |

Plaintiff Tinika Se'Cal Warren filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 18) following the Court's denial of her previous IFP application. This is a social security appeal and plaintiff is proceeding *pro se*. The Court **DENIES** plaintiff's IFP application. Plaintiff must pay the full filing fee of $405 by **June 8, 2026**. Failure to pay the filing fee may result in the dismissal of this case. The Court also **DENIES** without prejudice plaintiff's other Motions (ECF Nos. 16, 19). The reasoning is set forth below.

I.　　　**GENERAL LEGAL PRINCIPLES**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but applicant must demonstrate that because of his or her poverty he or she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours &  Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his or her income for determining whether the applicant qualifies for IFP status. When an applicant is ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. November 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. December 30, 2016).

## II.    ANALYSIS

The Court finds that it cannot determine plaintiff's IFP status. Plaintiff filed a long form IFP application (ECF No. 18). However, she did not follow the Court's Order (ECF No. 11) when filling out her application and it remains incomplete.

The Court ordered that if plaintiff refiled an IFP application, she must clarify if she owned land in North Carolina, why the land is worth $10,000, and what her listed "Timeshare" asset was. *ECF No. 11* at 3. Plaintiff failed to do so in her new application, instead stating that the land was now worth $17,000 without explaining if she currently owned it, omitting any mention of a "Timeshare" asset, and for the first time listing that she has $2,500 in "clothing… etc" assets. *ECF No. 18* at 4. Plaintiff did separately file several documents in relation to the land in North Carolina; however, they do not show that she owns the land in question nor that its value is $17,000. *See generally ECF No. 16*.

She also seems to claim for the first time that various individuals owe her $15 million in total because they violated her copyright rights relating to the term "exotic[.]" *Id.* However, she provides no proof that she owns any intellectual property rights related to the term "exotic" or that any of the individuals listed in the application owe her money.[1] *See generally ECF No. 19*.

Further, plaintiff lists for the first time that she had a job in the past twelve months that pays $658 in gross monthly income while not specifying what that job is or if she still works. *ECF No. 18* at 1, 5. She also leaves blank or put "0" in response to several questions in the application without further explanation, despite the Court ordering her to provide such explanations. *See ECF No. 18*. The Court cannot determine her status as her application remains incomplete. Moreover, as stated above, plaintiff has not complied with the Court's order (ECF No. 11) when filling out this application. Therefore, plaintiff's application is denied, and she is ordered to pay the full filing $405 fee by **June 8, 2026**. Failure to comply with this Order may result in the dismissal of the case.

Plaintiff has filed several cases that have been dismissed for frivolous claims or failing to follow Court orders and was previously cautioned that continuing to engage in this conduct may result in

---

[1] Plaintiff filed a copyright infringement case against some of these individuals listed in the application at Case No. 2:25-cv-02056-GMN-MDC, which was dismissed because she did not timely file an IFP application or pay the filing fee. *Warren v. Epps, et al.*, No. 2:25-cv-02056-GMN-MDC, *ECF Nos. 8* (D. Nev. March 9, 2026).

3

sanctions or in declaring her a vexatious litigant. *See Eslick, et al. v. Take a Break Vacation, et al.*, No. 2:25-cv-02067-CDS-NJK, 2026 U.S. Dist. LEXIS 36074 (D. Nev. January 23, 2026) (holding that complaint was frivolous); report and recommendation adopted sub nom. *Warren, et al. v. Take a Break Vacation, et al.*, No. 2:25-cv-02067-CDS-NJK, 2026 U.S. Dist. LEXIS 33787 (D. Nev. February 19, 2026); *see also Warren v. Courtyard Res. Ctr. et al.*, No. 2:25-cv-02412-GMN-MDC, 2025 U.S. Dist. LEXIS 268190 (D. Nev. December 30, 2025) (denying IFP application); *Warren v. Epps et al.*, No. 2:25-cv-02056-GMN-MDC, *ECF No. 6* (D. Nev. December 9, 2025) (denying IFP application). Plaintiff is again reminded that continuing to file these cases and not follow Court orders may result in sanctions or a finding that she is a vexatious litigant.

The Court also notes that plaintiff filed two Motions in connection with this matter. *ECF Nos. 16, 19*. However, plaintiff cannot proceed in this case until she pays the filing fee. Therefore, the Court **DENIES** these Motions without prejudice.

ACCORDINGLY,

**IT IS ORDERED** that:

1.  Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 18) is **DENIED**.

2.  Plaintiff must pay the full $405 filing fee by **June 8, 2026**. Failure to pay the filing fee may result in the dismissal of this case.

3.  Plaintiff's Motions (ECF Nos. 16, 19) are **DENIED** without prejudice as plaintiff has not yet paid the filing fee in this case.

IT IS SO ORDERED.

DATED: May 5, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.