# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Tinika S.W.,<br><br>Plaintiff,<br><br>vs.<br>Frank J. Bisignano,<br><br>Defendant. | Case No. 2:25-cv-02228-MDC<br><br>**ORDER** |

Plaintiff has paid the $405 filing fee for this case. *ECF No. 25*. Therefore, the case will proceed in the normal course. The Clerk of the Court is kindly directed to file plaintiff's Complaint (ECF No. 1-1). Plaintiff's Complaint shall be served on the Commissioner in accordance with the Supplemental Rule for Social Security Actions ("Supplemental Rule") 3, 42 U.S.C. § 405(g).

The Court also previously ordered plaintiff to file a notice of change of address. *ECF No. 23*. Plaintiff has not yet done so. The Court thus orders plaintiff to file a notice of change of address in this case by **September 18, 2026**. Failure to do so may result in the dismissal of this case. *See* LR IA 3-1 (An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. Failure to comply with this rule may result in the dismissal of the action....).

Once plaintiff files her notice of change of address, she may also file a motion to file electronically in this case pursuant to the Court's Local Rule IC 2-1(b). That way plaintiff may serve documents electronically directly with the court and may also receive service of documents that are filed with the court via e-mail. If plaintiff chooses to file a motion to file electronically, she must review the Court's Local Rule IC 2-1 and 2-2 and agree to abide by them. Among other things, plaintiff should have access to the following to file electronically: (1) a computer with internet access, (2) an email

account that she has regular access to receive notifications from the Court and notices from the e-filing system, (3) a scanner to convert documents in paper format into electronic files, (4) a printer or copier able to create any required paper copies such as chambers copies, (5) a word-processing program to create documents, and (6) a pdf reader and writer to convert word processing documents into pdf format. Plaintiff may review the Court's website regarding filing electronically in this case, "E-Filing Permission," at https://www.nvd.uscourts.gov/e-filing-permission/.

As plaintiff is proceeding *pro se* this case, the Court also provides plaintiff the following general outline of how this case will proceed if she files a notice of change of address:

First, the Commissioner will answer her Complaint within 60 days of receiving notice of this case. Fed. R. Civ. P. Supp. Soc. Sec. R. 4(a). The Commissioner's "answer may be limited to a certified copy of the administrative record…" Fed. R. Civ. P. Supp. Soc. Sec. R. 4(b). Under Supplemental Rule 4(c) Commissioner may also file a dispositive motion under Federal Rule of Civil Procedure ("Rule") 12 within that 60-day period. Fed. R. Civ. P. Supp. Soc. Sec. R. 4(c).

Within 30 days after Commissioner's answer is filed or 30 days after entry of an order disposing of the last remaining motion filed under Supplemental Rule 4(c), whichever is later, plaintiff must then file her Brief in this case and serve it on the Commissioner. Fed. R. Civ. P. Supp. Soc. Sec. R. 6. In her Brief, plaintiff must explain why Social Security Administration erred in denying her benefits and outline her requested relief. Plaintiff must also identify arguments and legal authorities (e.g., cases, statutes, rules, etc.) that support her requested relief and stated reasons for such action. The Commissioner will then file a response Brief in this case and serve it on the plaintiff. Plaintiff may thereafter have an opportunity to file a reply Brief responding to the arguments in Commissioner's response Brief and serve it on the Commissioner. A reply brief may not include new arguments that plaintiff did not raise in her opening brief or the government raise in its response brief. The Court also

cautions plaintiff that failure to timely file an opening brief in compliance with this order may result in her case being dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that:

1. The Clerk of the Court is kindly directed to file plaintiff's Complaint (ECF No. 1-1). Plaintiff's Complaint shall be served on the Commissioner in accordance with the Supplemental Rule for Social Security Actions 3, 42 U.S.C. § 405(g).
2. Plaintiff must provide a notice of change of address no later than **September 18, 2026**. Failure to do so may result in the Court dismissing the case.
3. Plaintiff must review this Order regarding obtaining permission to file electronically in this case and information regarding how this case will proceed.
3. The Clerk of Court is directed to serve this Order to plaintiff's physical address at 610 Belrose Street, Las Vegas, NV 89107 and email at Tinikawarren60@gmail.com listed in the docket.

DATED: August 31, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party’s attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**